UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

July 2007 Grand Jury

'08 CR 1515 BEN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>  v.<br><br>WILLIAM WRIGHT,<br><br>           Defendant. | Criminal Case No. _____<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 371 - Conspiracy; Title 18, U.S.C., Sec. 1341 - Mail Fraud; Title 18, U.S.C., Sec. 1343 - Wire Fraud; Title 18, U.S.C., Sec. 1956(h) - Conspiracy to Launder Money; Title 18, U.S.C., Sec. 1956 - Money Laundering; Title 18, U.S.C., Sec. 2 - Aiding and Abetting |

The grand jury charges:

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Indictment:

1. Michael Alexander (hereinafter "Alexander"), charged elsewhere, formed and owned three businesses, TRF Holdings, Inc., The Rose Fund, LLC (hereinafter "Rose Fund, LLC"), and The Rose Fund, Inc. (hereinafter "Rose Fund, Inc."), which shared an office at 12526 High Bluff Drive, Suite 300, San Diego, California.

//

//

//

YES:nlv:xxx:San Diego
5/8/08

2.  Defendant WILLIAM WRIGHT (hereinafter "defendant WRIGHT") was the lead salesman for the Rose Fund, LLC and TRF Holdings, Inc.

3.  Rose Fund, LLC solicited investments in a mortgage lending business that made to borrowers with poor credit, high interest loans secured by real property. Rose Fund, LLC sold to investors units in its limited liability company for $1,000 per unit, with a required minimum investment of at least $10,000. Rose Fund, LLC investors were promised an annual return of 12%, payable monthly.

4.  The Rose Fund, Inc. was a California corporation that was the managing partner of Rose Fund, LLC and primarily responsible for the management of its affairs. Between March 2003 and September 2003, the Rose Fund entities funded approximately 16 loans secured by real property.

5.  TRF Holdings, Inc. was a related Rose Fund entity that was formed to solicit "seed money" to capitalize the Rose Fund entities. TRF Holdings, Inc. investors were promised an annual return of 12% and an additional 20% if they maintained their investment for one full year, for a total return of 32%.

6.  Defendant WRIGHT was a felon, convicted in federal court of mail fraud and wire fraud.

## Count 1

**[TITLE 18 U.S.C. 371 - CONSPIRACY]**

7.  Beginning on a date unknown and continuing to on or about October 29, 2003, within the Southern District of California, and elsewhere, defendant WILLIAM WRIGHT (hereinafter "defendant WRIGHT") and Michael Alexander, (hereinafter "Alexander") charged elsewhere, did knowingly conspire with each other and others known and unknown to the Grand Jury to commit mail fraud and wire fraud, by knowingly

devising and intending to devise and carrying out a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and the intentional concealment, failure to disclose, and omission of material facts, and for the purpose of executing this fraudulent scheme, knowingly placed and caused to be placed in a United States Post Office or other authorized depository for mail matter, items to be delivered by the United States Postal Service, and deposited and caused to be deposited items to be sent and delivered by private and commercial interstate carriers, and caused items to be delivered by the United States Postal Service and private and commercial interstate carriers according to the directions thereon, and used and caused to be used writings, signs, signals, and sounds to be transmitted by wire in interstate commerce; in violation of Title 18, United States Code, Sections 1341 and 1343.

**MANNERS AND MEANS**

8. It was part of the conspiracy that defendant WRIGHT and other co-conspirators solicited numerous people to invest retirement accounts and other funds in Rose Fund, LLC.

9. It was a part of the conspiracy that defendant WRIGHT and other co-conspirators fraudulently induced persons to invest money in Rose Fund, LLC by placing, and causing others to place, false, fraudulent and misleading advertisements in California newspapers that stated that investor funds would be safe, would be secured by California real estate, and would earn interest of between 12 and 15%.

10. It was part of the conspiracy that defendant WRIGHT and other co-conspirators fraudulently induced persons to invest money in Rose Fund, LLC by concealing, and causing others to conceal, material

facts and by making, and causing others to make, materially false, fraudulent and misleading representations, including, among others, the following:

    a. misrepresented that Rose Fund, LLC was formed to serve as a secured lender to qualified borrowers seeking to obtain loans secured by real property;

    b. misrepresented that at least 80% of the investors' funds would be used for loans secured by property located in California;

    c. misrepresented that Rose Fund, LLC would pay sales commissions of only 5% of the gross proceeds received from the sale of Rose Fund, LLC units to investors;

    d. misrepresented that, after the payment of 1) the 5% sales commission on the sale of Rose Fund, LLC units; 2) approximately $35,000 of offering costs; and 3) a management fee to Rose Fund, Inc. consisting of ½ of one percent of the year end book value of the Rose Fund, LLC's assets paid on January 15th of the following year, the investors' funds would principally be used for the funding and acquisition of real estate loans;

    e. misrepresented that investors should invest quickly because the fund was almost full;

    f. misrepresented that Rose Fund, LLC would, upon request, refund an investor's funds sooner than the time period stated in the Rose Fund, LLC Offering Memorandum;

//

      g.    concealed the existence of TRF Holdings, Inc. and that it was formed to provide seed money for the Rose Fund, LLC; and

      h.    concealed that Alexander would and did pay defendant WRIGHT a commission of more than 5% on all funds that defendant WRIGHT solicited from Rose Fund, LLC investors.

11. It was a part of the conspiracy that defendant WRIGHT solicited numerous people to invest in TRF Holdings, Inc., many of whom defendant WRIGHT had previously solicited for unrelated investment opportunities in another company (V.W.).

12. It was a part of the conspiracy that defendant WRIGHT and other co-conspirators fraudulently induced persons to invest money in TRF Holdings, Inc. by providing, and causing others to provide, to prospective TRF Holdings, Inc. investors the Rose Fund, LLC Offering Memorandum and misleading them into believing that their money would be used to fund Rose Fund, LLC loans secured by real property.

13. It was part of the conspiracy that defendant WRIGHT and other co-conspirators fraudulently induced persons to invest money in TRF Holdings, Inc. by concealing, and causing others to conceal, material facts and by making, and causing others to make, materially false, fraudulent and misleading representations, including, among others, the following:

      a.    misrepresented that TRF Holdings, Inc. investor funds would be used to make Rose Fund, LLC loans secured by property;

      b.    misrepresented that defendant WRIGHT had invested his own funds in the Rose Fund;

    c.    concealed that TRF Holdings, Inc. was formed to provide "seed money" for the Rose Fund, LLC and not to fund loans secured by real property;

    d.    concealed that Alexander agreed to pay defendant WRIGHT a 30% commission on all funds that defendant WRIGHT solicited from TRF Holdings, Inc. investors; and

    e.    concealed that most of the TRF Holdings, Inc. investor funds would not be and were not transferred to the Rose Fund entities.

14. It was part of the conspiracy that defendant WRIGHT and other co-conspirators fraudulently induced persons to invest money in the Rose Fund, LLC and TRF Holdings, Inc. by concealing, and causing others to conceal material facts, and making, and causing others to make, materially false, fraudulent and misleading representations, including, among others, the following:

    a.    misrepresented that the Rose Fund had been in existence for a long time conducting business in real estate investments;

    b.    misrepresented that defendant WRIGHT and the principals of the Rose Fund were very experienced in the fields of real estate and mortgage lending;

    c.    misrepresented that, prior to April 2003, the Rose Fund, LLC broker (L.W.) was currently licensed as a California real estate broker;

    d.    misrepresented that the Rose Fund was a successful business and investments in the Rose Fund, LLC and TRF Holdings, Inc. would be safe;

  e. concealed that defendant WRIGHT had been convicted in federal court of mail fraud and wire fraud;

  f. concealed that in or about April 2003, the Securities and Exchange Commission commenced an investigation of the Rose Fund entities for violating federal securities laws;

  g. concealed that most investor funds would not be, and were not used, to fund real estate loans but were used to pay commissions, salaries, profits, and overhead expenses.

15. It was part of the conspiracy that defendant WRIGHT and other co-conspirators fraudulently induced persons to invest and maintain their investments in TRF Holdings, Inc. by sending, and causing others to send, to TRF Holdings, Inc. investors a false, fraudulent and misleading letter dated July 23, 2003 that misrepresented the success of the businesses, misled investors into believing that their funds were being used to make loans secured by real property, and intentionally concealed the existence of the Securities and Exchange Commission investigation of the Rose Fund entities.

16. It was part of the conspiracy that Alexander paid defendant WRIGHT commission fees for each Rose Fund, LLC and TRF Holdings, Inc. investor that defendant WRIGHT recruited and issued all sales commission checks to defendant WRIGHT'S two corporations, Who Banging Marketing, Inc. and YAE, Inc.

//
//
//

17. It was part of the conspiracy that defendant WRIGHT and other co-conspirators fraudulently obtained more than $4 million from investors based on the foregoing acts of concealment, false representations, and others.

18. It was part of the conspiracy that defendant WRIGHT and other co-conspirators fraudulently converted to their own personal use and benefit substantial amounts of the money received from the Rose Fund, LLC and TRF Holdings, Inc. investors.

## OVERT ACTS

19. In furtherance of the conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California, and elsewhere:

    a. In or about Fall 2002, Alexander hired defendant WRIGHT to be the lead salesman to solicit investments in the Rose Fund, LLC and TRF Holdings, Inc.

    b. On or about February 20, 2003, defendant WRIGHT falsely stated to J.P., a prospective Rose Fund, LLC investor, that the Rose Fund, LLC held thousands of trust deeds.

    c. On or about February 21, 2003, defendant WRIGHT caused J.P., a prospective Rose Fund, LLC investor, to send a check in the amount of $10,000 for the purpose of investing in the Rose Fund, LLC.

    d. On or before September 23, 2003, defendant WRIGHT falsely stated to F.F., Jr., a prospective TRF Holdings, Inc. investor, that defendant WRIGHT had personally invested in the Rose Fund, LLC.

e.  On or before March 7, 2003, defendant WRIGHT falsely stated to M.O., a prospective Rose Fund, LLC investor, that the Rose Fund, LLC currently had approximately 4,200 loans.

f.  On or about March 7, 2003, defendant WRIGHT caused M.O., a prospective investor, to send a check in the amount of $50,000 for the purpose of investing in the Rose Fund, LLC.

g.  On or about April 24, 2003, defendant WRIGHT caused J.E., a prospective investor, to send a check in the amount of $50,000 for the purpose of investing in the Rose Fund, LLC.

h.  On or before May 16, 2003, defendant WRIGHT falsely stated to R.J., a prospective Rose Fund, LLC investor, that the Rose Fund, LLC had operated successfully for a long period of time.

i.  On or about July 23, 2003, defendant WRIGHT caused to be sent to TRF Holdings, Inc. investor W.A. a false and misleading letter that, among other things, misled TRF Holdings, Inc. investors into believing that their investments were being used to fund loans secured by real property;

j.  On or about August 14, 2003, defendant WRIGHT caused Rose Fund, LLC investor C.D. to send a check in the amount of $5,000 for the purpose of investing in the Rose Fund, LLC.

//
//

      k.    On or about August 25, 2003, defendant WRIGHT provided to TRF Holdings, Inc. investor B.F. the instructions for wiring funds to the TRF Holdings, Inc. Bank of America account #4526 for the purpose of investing in TRF Holdings, Inc.

      l.    On or about September 9, 2003, defendant WRIGHT caused TRF Holdings, Inc. investor S.B. to send a check in the amount of $25,000 for the purpose of investing in TRF Holdings, Inc.

      m.    On or about September 23, 2003, defendant WRIGHT caused TRF Holdings Inc. investor F.F., Jr. to send a check in the amount of $25,000 for the purpose of investing in TRF Holdings, Inc.

All in violation of Title 18, United States Code, Section 371.

## Counts 2-7

**[TITLE 18 U.S.C. 1341 - MAIL FRAUD]**

**[TITLE 18 U.S.C. 2 - AIDING AND ABETTING]**

20. The allegations set forth in paragraphs 1 through 6 are realleged as if fully set forth herein.

21. Beginning on a date unknown and continuing to on or about October 29, 2003, within the Southern District of California, and elsewhere, defendant WILLIAM WRIGHT and Michael Alexander, charged elsewhere, did knowingly devise and intend to devise, with intent to defraud, a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises and the intentional concealment and omission of material facts, as described in paragraphs 8-18 of Count 1.

### EXECUTION OF THE SCHEME TO DEFRAUD

22. On or about the dates set forth below, within the Southern District of California and elsewhere, defendant WILLIAM WRIGHT and Michael Alexander, charged elsewhere, for the purpose of executing and attempting to execute the aforementioned material scheme to defraud and to obtain money and property by materially false and fraudulent pretenses, representations and promises, and the intentional concealment of material facts, did, with the intent to defraud, knowingly place and caused to be placed in a United States Post Office and other authorized depository for mail matter, items to be delivered by the Postal Service, and deposited and caused to be deposited items to be sent and delivered by private and commercial interstate carriers, and caused items to be delivered by the United States Postal Service and private and commercial interstate carriers according to the directions thereon as alleged below:

| COUNT | DATE | SENDER | ADDRESSEE | MAILING |
|---|---|---|---|---|
| 2 | 5/15/03 | R. J. Tiburon, CA | Bill Wright Rose Fund LLC #300 12526 High Bluff Dr. San Diego, CA | Check for $50,000 payable to Rose Fund LLC delivered via FedEx |
| 3 | 5/16/03 | J. E. Richmond, CA | The Rose Fund LLC c/o The Rose Fund Inc. 12526 High Bluff Dr, Suite 300 San Diego, CA | Form W-9 delivered via United States mail |
| 4 | 6/5/03 | C. D. Pacifica, CA | Bill Wright c/o Rose Fund LLC 12526 High Bluff Drive, Suite 300 San Diego, CA | Check for $5,000 payable to the Rose Fund delivered via United States mail |

| COUNT | DATE | SENDER | ADDRESSEE | MAILING |
|---|---|---|---|---|
| 5 | 7/1/03 | TRF, INC<br>12526 High Bluff Drive, Suite 300<br>San Diego, CA | J. and S. B.<br>Kincardine, ON N2Z1Y1<br>Canada | TRF Holdings, Inc. interest check for $236.00 delivered via United States Mail |
| 6 | 8/12/03 | W. Wright<br>TRF Holdings, Inc<br>12526 High Bluff Dr.<br>STE 300<br>San Diego, CA | S. B.<br>Auburn, AL | 7/23/03 TRF Holdings, Inc. letter delivered via FedEx |
| 7 | 9/9/03 | F. F., Jr.<br>Hollywood, CA | TRF Holdings, Inc.<br>12526 High Bluff Drive Suite 300<br>San Diego, CA | TRF Holdings, Inc. promissory notes delivered via United States mail |

All in violation of Title 18, United States Code, Sections 1341 and 2.

### Counts 8-9

**[TITLE 18 U.S.C. 1343 - WIRE FRAUD]**

**[TITLE 18 U.S.C. 2 - AIDING AND ABETTING]**

23. The allegations set forth in paragraphs 1-6 are realleged as if fully set forth herein.

24. Beginning on a date unknown and continuing to on or about October 29, 2003, within the Southern District of California, and elsewhere, defendant WILLIAM WRIGHT and Michael Alexander, charged elsewhere, did knowingly devise and intend to devise, with intent to defraud, a material scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses,

//

representations and promises and the intentional concealment and omission of material facts, as described in paragraphs 8-18 of Count 1.

**EXECUTION OF THE SCHEME TO DEFRAUD**

25. On or about the dates set forth below, within the Southern District of California and elsewhere, defendant WILLIAM WRIGHT and Michael Alexander, charged elsewhere, for the purpose of executing and attempting to execute the aforementioned material scheme to defraud and to obtain money and property by materially false and fraudulent pretenses, representations and promises, and the intentional concealment of material facts, did, with the intent to defraud, knowingly transmit and cause to be transmitted by wire communication in interstate commerce, certain writings, signs, signals and sounds as alleged below:

| COUNT | DATE | SENDER | RECEIVER | WIRE |
|---|---|---|---|---|
| 8 | 9/8/03 | Charles Schwab Glendale, AZ | Bank of America San Diego, CA | $50,000 wire transfer from B. F. trustee for Anesthesia Medical Prof PC to TRF Holdings, Inc. Bank of America account # 4526 |
| 9 | 9/18/03 | Charles Schwab Glendale, AZ | Bank of America San Diego, CA | $50,000 wire transfer from B. F. to TRF Holdings, Inc. Bank of America account # 4526 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

//

//

13

**Count 10**

**[TITLE 18 U.S.C. 1956(h)]**

**[CONSPIRACY TO LAUNDER MONEY]**

26. The allegations set forth in paragraphs 1-5 are realleged as if fully set forth herein.

27. Beginning on a date unknown and continuing to on or about September 26, 2003, within the Southern District of California and elsewhere, defendant WILLIAM WRIGHT and Michael Alexander, charged elsewhere, did knowingly conspire with each other and others known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of specified unlawful activity, that is mail fraud, in violation of Title 18, United States Code, Section 1341 and wire fraud, in violation of Title 18, United States Code, Section 1343, with the intent to promote the carrying on of such specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

//
//
//
//
//
//
//
//

**MANNER AND MEANS**

28. The manner and means of the conspiracy alleged in paragraphs 8 through 18 of Count 1 are realleged as if fully set forth herein.

29. It was part of the conspiracy that defendant WRIGHT, Michael Alexander, charged elsewhere, and other co-conspirators transferred and caused to be transferred investor funds received from the sales of units in the Rose Fund, LLC and investments in TRF Holdings, Inc from the bank accounts of the Rose Fund, LLC, TRF Holdings, Inc., Pacific Video Network, Inc. and Resort Management Co., Inc. to the bank accounts of Who Banging Marketing, Inc. and YAE, Inc. for the purpose of paying sales commissions to defendant WRIGHT. All in violation of Title 18, United States Code, Section 1956(h).

### Counts 11-13

**[TITLE 18 U.S.C. 1956(a)(1)(A)(i)]**

**[MONEY LAUNDERING PROMOTION]**

30. The factual allegations contained in paragraphs 1-5, 8-18 and 29 are realleged as if fully set forth herein.

31. On or about the dates listed below, within the Southern District of California and elsewhere, knowing that the property involved in the financial transactions detailed below represented the proceeds of some form of unlawful activity, defendant WILLIAM WRIGHT and Michael Alexander, charged elsewhere, knowingly conducted and attempted to conduct the below listed financial transactions affecting interstate commerce which involved the proceeds of specified unlawful activity, that is mail and wire fraud, with the intent to promote the carrying on of said specified unlawful activity:

//

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 11 | 8/21/03 | Transfer of check no. 758 for $9,662 drawn on The Rose Fund LLC Bank of America account #7633 payable to YAE, Inc. and deposited into Wells Fargo Bank account #7542 held in the name of YAE, Inc. |
| 12 | 9/18/03 | Transfer of check no. 1335 for $10,000 drawn on TRF Holdings, Inc. Bank of America account #4526 payable to Who Banging Inc. and deposited into Wells Fargo Bank account #0719 held in the name of Who Banging Marketing. |
| 13 | 9/22/03 | Transfer of check no. 1339 for $16,000 drawn on TRF Holdings, Inc. Bank of America account #4526 payable to Who Banging, Inc. and deposited into Wells Fargo Bank account #0719 held in the name of Who Banging Marketing. |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

DATED: May 9, 2008.

A TRUE BILL:

_____
Foreperson

KAREN P. HEWITT
United States Attorney

By: _____
YESMIN E. SAIDE
Assistant U.S. Attorney

16