KAREN P. HEWITT
United States Attorney
YESMIN E. SAIDE
Assistant U.S. Attorney
California State Bar No. 067386
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6755/(619) 557-7055 (Fax)
Email:yesmin.saide@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1515-BEN |
|---|---|---|
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S *EX PARTE* MOTION FOR AUTHORIZATION TO DISCLOSE GRAND JURY MATTER AND FOR A PROTECTIVE ORDER |
| v. | ) | |
| WILLIAM WRIGHT, | ) | |
| Defendant. | ) | |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Yesmin E. Saide, Assistant United States Attorney, and hereby moves the Court *ex parte* for (1) authorization to disclose grand jury matter to the defense team in the above-captioned case, and (2) a protective order to safeguard such grand jury matter from disclosure to persons outside of the defense team. This motion is based upon the files and records of this case and the argument set forth below.

I

ARGUMENT

A.  DISCLOSURE OF GRAND JURY MATTER

As part of its statutory and Constitutional obligations to provide discovery in this case, the Government may be required to disclose to the defendant grand jury matter which the attorney for the Government is otherwise prohibited from disclosing under Rule 6(e) of the Federal Rules of

1  Criminal Procedure. For purposes of this motion, "grand jury matter" refers to (1) transcripts of
2  testimony before the grand jury, and (2) documents or objects marked as grand jury exhibits.
3      To the extent that the attorney for the Government intends to disclose grand jury matter,
4  and to the extent that prior court authorization is needed to comply with both the Government's
5  discovery obligations and with Rule 6(e), the Government hereby moves for authorization to
6  disclose such grand jury matter, together with a protective order as described below. Nothing in
7  this motion or in the court's authorization should be construed as enlarging the Government's
8  discovery obligations or creating any right to material not otherwise discoverable, as determined
9  by the Government or as directed by the court.

10     B.    <u>PROTECTIVE ORDER</u>

11     This court has the power to issue "protective and modifying orders" regulating discovery.
12 <u>Fed. R. Crim. P.</u> 16(d)(1). Specifically, "[a]t any time the court may, for good cause, deny, restrict,
13 or defer discovery or inspection, or grant other appropriate relief. <u>Id.</u> <u>See</u> <u>Alderman v. United</u>
14 <u>States</u>, 394 U.S. 165, 185 (1969) ("the trial court can and should, where appropriate, place a
15 defendant and his counsel under enforceable orders against unwarranted disclosure of the materials
16 which they may be entitled to inspect").
17     Here, the disclosure of grand jury matter should be limited to only those individuals who
18 are personally and directly involved in preparing the defense and trial of this criminal case and for
19 no other purpose. Consequently, the Government moves for a protective order to safeguard the
20 grand jury matter from disclosure to persons outside of each defense team. For purposes of this
21 motion, the "defense team," for each defendant, refers to the defendant; the defendant's counsel
22 of record, including members, associates, paralegals and office staff of counsel of record's law
23 firm; and investigators, experts and consultants hired by counsel of record to assist in the defense
24 of this criminal case.
25 //
26 //
27
28     2    08CR1515-BEN

The protective order should:

1. Prohibit the members of each defense team from distributing, disseminating, disclosing or exhibiting grand jury matter to any person who is not part of that defense team and for any purpose other than preparing a defense of this case;

2. Require each counsel of record to ensure that every member of his/her defense team is advised of the protective order and has agreed to be bound by its terms;

3. Require that if, in the course of preparing the defense in this case, counsel of record or any member of his/her defense team needs to disclose grand jury matter to any person outside of his/her defense team (such as to a third-party witness), counsel of record must obtain prior written authorization from the court, with such authorization to require that any such person to whom grand jury matter is disclosed agree to be bound by the terms of this protective order;

4. Require that if disclosure of grand jury matter to a person outside the defense team is authorized by the court, that the grand jury matter be only shown to, and not left with, such person, and that the grand jury matter must remain in the custody and control of the defense team; and

5. Require that at the conclusion of the proceedings in this case, counsel of record shall return to the Government, upon request, any grand jury matter disclosed.

//
//
//
//

## II

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the court issue the attached order authorizing the attorney for the Government to disclose grand jury matter to the defendant or his counsel of record and prohibiting each defendant's defense team from disclosing such grand jury matter except as otherwise permitted in the order.

DATED: May 20, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ YESMIN E. SAIDE
YESMIN E. SAIDE
Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>WILLIAM WRIGHT,<br><br>Defendant. | Case No. 08CR1515-BEN<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Yesmin E. Saide, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S *EX PARTE* MOTION FOR AUTHORIZATION TO DISCLOSE GRAND JURY MATTER AND FOR A PROTECTIVE ORDER on the following parties by faxing a copy to: Stanley H. Rozanski, Esq. at (310) 442-8210.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 20, 2008.

                                              s/ YESMIN E. SAIDE
                                              Assistant U.S. Attorney